## Commonwealth of Pennsylvania *v.* William M. Stephens, Appellant.

*Appeals do not lie from interlocutory orders.*

The practice of taking appeals from interlocutory orders whereby cases are brought into the appellate court by instalments is not encouraged or allowed.

*Eminent domain—Appointment of viewers—Interlocutory order—Appeal.*

The appointment of viewers is but one step in condemnation proceedings which are not yet ended and no appeal lies from order refusing a rule to show cause why the appointment of viewers should not be revoked, which order is clearly interlocutory.

Argued Dec. 6, 1898. Appeal, No. 100, Oct. T., 1898, by defendant, from order of Q. S. Montgomery Co., March Sess.,

1898, No. 11, dismissing petition to revoke appointment of viewers and to set aside proceedings to condemn. Before RICE, P. J. ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Appeal quashed.

Petition to revoke appointment of viewers and to set aside proceedings to condemn. Before WEAND, J.

It appears from the record that this motion was made in the matter of the appointment of viewers for condemning land at Valley Forge by the state of Pennsylvania. William M. Stephens filed a petition to revoke the appointment of viewers and set aside the proceedings, alleging certain irregularities in the proceedings, which motion was dismissed, WEAND, J., filing an exhaustive opinion. William M. Stephens appealed.

*Errors assigned* were to certain findings of the court touching the merits of the case.

*N. H. Larzelere,* with him *John Faber Miller,* for appellant.

*Edw. F. Kane,* with him *William F. Solly,* for appellee.

PER CURIAM, January 18, 1899:

The commissioners appointed pursuant to the provisions of the act of May 30, 1893, entitled "An act providing for the acquisition by the State of certain ground at Valley Forge for a public park, and making an appropriation therefor," petitioned the court to appoint a jury of view to assess the appellant's damages for property appropriated for the purposes described in the act. Viewers were appointed, and upon the petition of the appellant a rule was granted to show cause why the appointment should not be revoked, which rule was subsequently discharged. Thereupon Mr. Stephens took this appeal.

The order appealed from is clearly interlocutory, and the case is not one where we would be justified in volunteering an opinion upon the important questions raised on the argument before final judgment. The practice of taking appeals from interlocutory orders whereby cases are brought into the appellate court by instalments, is not to be encouraged. It is attended with obvious disadvantages, and unnecessarily delays

their final disposition, as the Supreme Court, and this Court, have repeatedly said. The appointment of viewers was but one step in condemnation proceedings which are not yet ended. When they reach final judgment, an appeal will lie in which the legality and regularity of the proceedings from the beginning may be reviewed, but the law does not contemplate a separate appeal from each interlocutory order. We cite some of our own cases bearing directly upon the question, in which many of the decisions of the Supreme Court are cited: Starr's Estate, 3 Pa. Superior Ct. 212; Yost v. Davison, 5 Pa. Superior Ct. 469; McManus's Appeal, 5 Pa. Superior Ct. 65; Anderson v. McMichael, 6 Pa. Superior Ct. 114; Irwin's Appeal, 7 Pa. Superior Ct. 354; Guffey's Appeal, 7 Pa. Superior Ct. 478.

The appeal is quashed.