## Edgewood Borough Petition.

Argued March 28, 1935. Before SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*James E. Hindman,* for appellant.

*Robert A. Rundle,* of *Wright & Rundle,* for appellee, was not heard.

Per Curiam, April 22, 1935:

Upon the petition referred to in the title of this case, the court below granted a rule "to show cause why the [appointment of the viewers] . . . should not be vacated." To this an answer was filed by the borough, testimony was taken, and, after argument thereon, the rule was discharged. From that order, without further proceedings in the cause, the present appeal is being prosecuted. It must be quashed, since the order appealed from is interlocutory. As, however, the question attempted to be raised now, must be determined at a later stage of the proceedings, we deem it wise to decide it now.

Appellant's contention is that it is a public charitable institution, part of the school system of the State, is largely supported by public funds appropriated by the Commonwealth for the purpose, and for that reason all its property is immune from taking by the borough under the right of eminent domain. The claim is too broad. We said in Scranton Gas & Water Co. v. D., L. & W. R. R. Co., 225 Pa. 152, 161: "In the absence of some statutory provision expressly or by implication forbidding it, property devoted to one public use may, under general statutory authority, be taken for another public use, when the taking will not materially impair or interfere with, or is not inconsistent with, the use already existing, and is not detrimental to the public."

In the instant case the bed of the proposed street is laid down on the lines of an existing passageway. The court below said: "The parties concede that at the time the ordinance of appropriation was passed and for more than eleven years immediately prior thereto, the strip of ground now in controversy had been in the exclusive possession and use of the Borough of Edgewood, under a written lease from [appellant]. The testimony warrants the finding, and we do so find, that initial permission to use such ground was granted by the school in the year 1902, since which time the borough's occupancy has been continuous. Accordingly, at no time during the said pe-

riod of almost one-third of a century, did the school devote the ground to the use for which it was held, that is, as a place for the education of deaf and dumb persons. Failure of the institution to make any use of the land within the past thirty years proves that, for the present at least, it is nonessential to school operations; an examination of the proofs satisfies us that its use will not reasonably be required by the necessities of the corporation at any time hereafter. . . . And hence it is properly the subject of appropriation for another and different public use." We are in accord with these findings and conclusions.

The appeal is quashed.