Sullivan, Appellant, *v.* Philadelphia.

Argued June 2, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Samuel B. Fortenbaugh, Jr.,* with him *G. Selden Pitt and Clark, Ladner, Fortenbaugh & Young,* for appellants.

*Jerome J. Shestack,* First Deputy City Solicitor, with him *Herman L. Mash, Karl I. Schofield,* Assistant City Solicitors and *Abraham L. Freedman,* City Solicitor, for appellees.

OPINION BY MR. JUSTICE JONES, September 27, 1954:

This appeal is from an order sustaining defendants' preliminary objections to a complaint in assumpsit brought by the personal representatives of a decedent

to recover personal property taxes alleged to have been erroneously and inadvertently paid the defendant municipalities by the decedent individually and as trustee under the will of her father and by her personal representatives: see Act of May 21, 1943, P. L. 349, 72 PS §5566 b. The order is obviously interlocutory; the appeal must, therefore, be quashed.

We have reiterated many times that an interlocutory order or decree is not appealable unless expressly made so by statute: *Epstein v. Kramer,* 374 Pa. 112, 119, 96 A. 2d 912; *Stadler v. Mt. Oliver Borough,* 373 Pa. 316, 317-318, 95 A. 2d 776, and cases there cited. No such enabling statute is presently applicable. Even with the consent of all interested parties, appellate jurisdiction of an interlocutory order or decree may not be assumed: *Stadler v. Mt. Oliver Borough,* supra. The evident policy of the law in such regard is to preclude piecemeal determinations and the consequent protraction of litigation.

Where, as here, preliminary objections in the nature of a demurrer to a complaint are sustained without further action of the court, there is neither a final nor definitive order from which an appeal may be taken. As Mr. Justice CHIDSEY recently stated for this court in *Ahrens v. Goldstein,* 376 Pa. 114, 121, 102 A. 2d 164,—"Our decisions leave no doubt that a decree which sustains a preliminary objection without dismissing the bill is interlocutory." However, an order sustaining preliminary objections to a complaint is definitive, and therefore appealable, where it so restricts the pleader in respect of further amendments as, virtually, to put him out of court on the cause of action which he seeks to litigate: cf. *Ciletti v. City of Washington,* 378 Pa. 641, 107 A. 2d 871.

In the present instance, the order of the court below did no more than sustain the defendants' prelimi-

nary objections. It did not dismiss the complaint or otherwise put an end to the action. The fact that the court below did not enter a final order cannot be attributed to oversight. The opinion accompanying the order sustaining the preliminary objections went no further than to decide that the averments of the plaintiffs' complaint were insufficient on a claim of change of domicile to rebut the legal presumption of intent to continue original residence. What the plaintiffs pleaded were legal conclusions, viz., change of domicile and that the taxes in controversy were paid erroneously and inadvertently. The court did not hold that it was impossible for the plaintiffs to plead facts that would support their conclusions. Such being the situation, the court advisedly did not enter a final order.

What we said in *Davis v. Investment Land Co.*, 296 Pa. 449, 452-453, 146 A. 119, and quoted with approval in *Sun Ray Drug Co. v. Lawler,* 366 Pa. 571, 573, 79 A. 2d 262, is peculiarly germane,—"In determining whether or not [a summary] judgment should be or should have been entered [on a demurrer], two rules must always be applied: (1) The question to be decided is not whether the statement of claim is so clear in both form and specification as to entitle plaintiff to proceed to trial without amending it, but whether, upon the facts averred, it shows with certainty that the law will not permit a recovery by plaintiff; and (2) Where a doubt exists as to whether or not summary judgment should be entered, this should be resolved in favor of refusing to enter it." · ·

: · However, what the court below intended as the end-result of its conclusions should not be left to inference. The plaintiffs are entitled to know their procedural status upon the sustaining of the defendants' preliminary objections to their complaint. Upon the remand of the record in this case, the court below

should, therefore, either enter an order dismissing the complaint, if that is what the court thinks its conclusions warrant, or an order granting the plaintiffs fifteen days within which to amend and, failing such amendment, an order entering judgment for the defendants. Thus, the case will either proceed to a hearing on the merits on an amended complaint and answer thereto or become immediately appealable because of the entry of a definitive order. The defendants are not, of course, precluded from renewing preliminary objections to an amended complaint.

Appeal quashed.