## Garris, Appellant, *v.* McClain.

Argued March 18, 1960. Before JONES, C. J., MUS-MANNO, JONES, COHEN, BOK and EAGEN, JJ.

reargument refused May 20, 1960.

*H. Ray Pope, Jr.,* for appellant.

*Chester H. Byerly,* and *Robert B. Filson,* for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE JONES, April 19, 1960:

At the trial of this action in trespass for damages for personal injuries suffered by the plaintiff in an automobile accident, the court withdrew a juror and continued the case on the defendant's motion because of an allegedly prejudicial question by plaintiff's counsel in his cross-examination of a witness for the defendant. The plaintiff has appealed the order of continuance.

The appeal projects a rather anomalous procedural situation. Obviously, the trial terminated with the continuance and could not possibly be revived with a *procedendo.* The case can be retried only upon a *venire.* Moreover, even if the order of continuance were reversed, the appellant would get no more substantial relief than what he already has, namely, a right to a new trial. However, although the order did not put the plaintiff entirely out of court and is interlocutory, it also imposed costs on the plaintiff and is, therefore,

appealable; and the trial judge's certificate of amount in controversy places the jurisdiction here.

If the court below erred in withdrawing a juror, as the appellant contends, the error, if uncorrected, will improperly serve as a precedent at the retrial and unjustly restrict the plaintiff in his cross-examination of the defendant's witness. It is important, therefore, that we define the permissible scope of the plaintiff's cross-examination of the defendant's witness at the retrial, should the same witness be called by the defendant for the same purpose as before. Possibly we may thus aid in bringing about a conclusive termination of this litigation without further unnecessary delay. It has already been pending in the court below far too long.

The complaint was filed on December 31, 1953. The first trial was had in June of 1954 and resulted in a jury's verdict for the plaintiff for $15,000. The defendant filed motions for judgment n.o.v. and for a new trial. These motions, although praecipes to place them on the argument list were filed seven times between August 24, 1954, and December 13, 1957, were never argued before the court below. No transcript of the testimony at trial was ever filed and, in time, became completely unavailable due to the incapacity of the court reporter, who had taken the notes of testimony at trial. Nevertheless, without argument of the motions, the court entered an order on January 30, 1958, dismissing the motion for judgment n.o.v. and granting a new trial. In the meantime, counsel for the plaintiff had died and counsel for the defendant had ceased practicing law shortly after the trial had been concluded.

Following the entry of the new trial order, the case again came on for trial on September 8, 1958, a lapse of four and a quarter years since the first trial. The second trial was proceeded with to the point where the defendant called as his last witness the attorney who

had represented him at the first trial for the purpose of having him impeach the plaintiff's credibility. The witness testified as to his recollection of the plaintiff's testimony at the former trial, which, according to the witness, was in conflict with the plaintiff's testimony at the current trial. On cross-examination plaintiff's counsel asked the witness, "Were you the attorney for the losing party in the last trial?" Counsel for the defendant promptly moved for the withdrawal of a juror and the continuance of the case, which the court granted and placed the costs on the plaintiff.

The plaintiff's question, identifying the defendant as the "losing party" at the first trial, was of course harmfully prejudicial and warranted the action of the trial judge in withdrawing a juror upon the defendant's motion. The characterization introduced into the case extraneous matter implying the defendant's responsibility for the plaintiff's injury—the very issue which it was for the jury to determine from the evidence. Plaintiff's counsel argued below (and here) in justification of the question, that he did not say that the witness had been counsel for the losing party at the first trial but had merely inquired of him, "Were you"? But, the form of interrogation did not serve to render it harmless. Whether it be answered in the affirmative or the negative, the defendant would still be tabulated as having had liability imposed upon him at the first trial. The implication was improper for much the same reason that evidence of an offer of settlement is objectionable at the trial of an action, to the subject-matter of which the alleged offer is referable.

Counsel's zeal in his effort to show bias on the part of the witness led him into the error which, although not excusable, is understandable. From his argument to the trial court at the time, it is evident he felt that the witness, who as defendant's counsel had resisted the plaintiff's claim at the first trial, would have great-

er hostility toward the plaintiff because his own efforts to defeat the claim had been unsuccessful. However that may be, matter such as in the present instance, touching so prejudicially the issue of the defendant's liability, cannot be introduced even though it may impeach a witness' credibility. Short of that restriction, the plaintiff is free to bring out by cross-examination that the witness was his adversary's counsel at the first trial and any other facts from which the jury might infer bias or faulty memory on the part of the witness. But, the cross-examiner may not impart to the jury that the defendant had had liability for the same cause of action determined against him at the former trial, whether by referring to him as the "losing party" or otherwise.

One other trial matter needs be mentioned. On the defendant's petition, to which counsel for the plaintiff objected and duly excepted, the trial judge ordered a view by the jury of the highway intersection in the rural locality where the accident had occurred. The view was unwarranted in the circumstances and constituted an abuse of discretion on the part of the trial judge. The accident, which caused the injuries in suit, had happened on January 11, 1952. Between that date and the second trial (September 8, 1959)—a lapse of six and two-thirds years—the physical condition adjacent to the intersection had been changed by the cutting away of brush and the elimination of some trees which, according to the testimony, had obstructed a view of the intersecting highway at the time of the accident. The trial judge, while recognizing that trees, which had interfered with a view of the intersecting road, according to the plaintiff, had been cut down, was of opinion that "any change in the road could be satisfactorily explained" and further observed that, as he recalled, testimony had been necessary at the first trial to explain the view along the highway at the time of the ac-

cident. Thus, a further and unnecessary inquiry was bound to be injected by a view. At the next trial the essential facts concerning the intersection and locality should be supplied by evidence introduced in court, leaving it to the jury to determine the credibility and weight of the testimony.

Considering the history of this litigation and the circumstances under which the cause for the withdrawal of a juror arose, we think that the costs of the continuance should be made to abide the judgment ultimately to be entered. To that extent, the order of continuance is hereby amended.

As amended, the order is affirmed.