## Hanni Appeal.

Argued November 9, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

290

 reargument refused March 2, 1966.

*E. Jerome Brose*, with him *Danser, Brose & Poswistilo*, for appellants.

*Norman Seidel*, with him *George C. Laub*, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 17, 1966:

This is an appeal by condemnees from the dismissal by the Court of Common Pleas, of their preliminary objections, to a Declaration of Taking under the Eminent Domain Code of 1964.*

On December 14, 1962, Hugh Moore, Jr., was appointed a member of the Redevelopment Authority of the City of Easton, Pennsylvania. At the time of his appointment, Moore was under contract to furnish architectural services to the Redeveloper selected by the Authority. This contract was still in force when he resigned from the Authority on September 1, 1964.

Moore voted on four resolutions during the period of his membership on the Authority. These four resolutions were preliminary steps necessary for and leading to the condemnation. However, the Declaration of Taking is the actual condemnation which becomes binding and effective only after authorized by final vote of the Authority and the filing of the Declaration. This last

---

* Act of June 22, 1964, P. L. 84, 26 P.S. §§1-101 to 1-903.

step and final vote was taken by the members of the Authority on September 14, 1964, which was two weeks after Moore had resigned, and the Declaration was filed on September 15, 1964.

The condemnees contest the validity of this condemnation because of Moore's conflict of interest, while the Redevelopment Authority moved to quash the appeal because the lower Court's Order was interlocutory and should have been brought under Rule 68½, but was not. We shall discuss these in inverse order.

Article Four of the Eminent Domain Code* deals with the procedure to condemn.

Section 406** thereof provides: "(a) Within thirty days after being served with notice of condemnation, the condemnee may file preliminary objections to the declaration of taking . . . . *Preliminary objections*\*** shall be limited to and shall be the *exclusive* method of challenging (1) the power or right of the condemnor to appropriate the condemned property unless the same has been previously adjudicated; (2) the sufficiency of the security; (3) any other procedure followed by the condemnor; or (4) *the declaration of taking.* Failure to raise these matters by preliminary objections shall constitute a waiver thereof.

"(d) The condemnee shall serve a copy of the preliminary objections on the condemnor within seventy-two hours after filing the same.

"(e) The court [of Common Pleas] shall determine promptly all preliminary objections and make such preliminary and final orders and decrees as justice shall require, including the revesting of title. . . . ."

Article Five deals with the procedure for determining damages, and provides in Section 515: "Any party

---

\* Act of June 22, 1964, P. L. 84, 26 P.S. §§1-401 to 1-410.
\*\* Act of June 22, 1964, P. L. 84, 26 P.S. §1-406.
\*\*\* Italics throughout, ours.

aggrieved by the decision of the viewers may appeal to the court of common pleas within thirty days from the filing of the report. The appeal shall raise all objections of law or fact to the viewers' report."

Section 523* provides: "Either party may appeal to the Supreme or Superior Court as the case may be, from any final order or judgment of the court of common pleas within forty-five days from the entry thereof."

Section 406, supra, provides, as above noted, that *preliminary objections* shall be the *exclusive method* of challenging the power or right to condemn or the declaration of taking; and that the Court of Common Pleas shall ". . . make such preliminary and final orders and decrees as justice shall require . . . ." Clearly, the Court of Common Pleas is *empowered* to make preliminary Orders or final Orders relating to preliminary objections, and either party may appeal from a *final Order* to the Supreme Court or the Superior Court, as the case may be.

When the Order of a lower Court so restricts a party's further action as virtually to put (him or) it out of Court upon the question or cause which is being litigated, the Order is final and therefore appealable. Cf. *Central Con. Co. v. Youngdahl & Co., Inc.,* 418 Pa. 122, 209 A. 2d 810, and *Sullivan v. Philadelphia,* 378 Pa. 648, 107 A. 2d 854. We believe that the Order appealed from was a final Order and hence appealable.

The Authority also contends that this appeal cannot be considered because it came within Rule 68½ and was not brought or allowed thereunder. This contention is completely devoid of merit. Rule 68½ does not apply here, because the Eminent Domain Statute, in §523, specifically confers a right to appeal to this Court.

---

* Act of June 22, 1964, P. L. 84, 26 P.S. §1-523.

## Contentions of Condemnees

Condemnees contend (1) (a) that Moore's vote was illegal because of a conflict of interest, and (b) was necessary for passage of the Declaration of Taking, and (2) that the Declaration of Taking was an integral part of the entire proceedings which were void ab initio and could not be ratified.* We disagree with these contentions. Section 8 of the Redevelopment Law of May 24, 1945, P. L. 991, 35 P.S. §1708, as amended, does not make void or nullify Moore's vote and actions, but merely makes an undisclosed conflict of interest a "misconduct in office". Moreover the final and important and controlling Declaration of Taking was authorized and filed, as we have seen, by vote of the Authority when Moore was no longer a member or had any vote.

We find no merit in any contention of the condemnees.

**Order affirmed.**

Mr. Justice ROBERTS concurs in the result.

---

CONCURRING OPINION BY MR. JUSTICE JONES, January 18, 1966:

In my opinion it is most important that we clearly point out *why* we consider the present order an appealable order under the new Eminent Domain Code (Code).

This appeal is brought under §523 of the Code which provides: "Either party may appeal to the Supreme or Superior Court as the case may be, from any *final* order or judgment of the court of common pleas within forty-five days from the entry thereof." (Emphasis supplied)

---

* While there was originally a conflict of interest on the part of Moore, no one alleges that he or the Authority was guilty of fraud.

294

Is the instant order a *final* order within §523? This order overruled a preliminary objection filed under §406 of the Code, an objection which challenged the *power* or *right* of the condemnor to appropriate the property. Section 406 provides that the *exclusive* method of challenging the *power* or *right* of a condemnor to *take* property by eminent domain is by way of preliminary objections. Section 406 empowers the court to "make such preliminary and final orders and decrees as justice shall require." If the overruling of a preliminary objection challenging the basic *power* or *right* to condemn is not a *final* order, what method can be utilized to bring expeditiously to the appellate level so vital an issue? No other procedure than that provided by §406 is outlined by the Code. Section 515 which provides for appeals from viewers' reports and provides such appeals shall "raise all objections of law or fact to the viewers' report" certainly does not furnish such procedure. I cannot perceive how an objection to the *power* and *right* to condemn can be equated with an "objection" to a report of viewers in view of the *express* provision in the code restricting the raising of an objection to the *power* or *right* to condemn *exclusively* to procedure by preliminary objections.

The language of §406 coupled with the logic of providing an expeditious and time saving device for the *immediate* determination of the basic *power* or *right* to condemn compel only one conclusion, i.e., that an order which determines this vital question be determined *initially* in the proceeding and be considered final and definitive so that appellate review, if sought, should be immediately available.

Such a conclusion is in line with our case law (*Central Con. Co. v. C. E. Youngdahl & Co., Inc.,* 418 Pa. 122, 209 A. 2d 810; *Sullivan v. Phila.,* 378 Pa. 648, 107 A. 2d 854) which holds that a court order which so restricts and limits a party's further action as "to put

it out of court" for all intents and purposes should be appealable.

In my view the legislature under the Code provisions has clearly expressed its intent to make an order such as we herein consider a *final* order from which an appeal will lie.