212 Pa. Superior Ct. 178 (1968)
Dames
v.
Pottstown Borough, Appellant.
Albright
v.
Pottstown Borough, Appellant.
Superior Court of Pennsylvania.
Argued December 12, 1967.
March 21, 1968.
*179 Before WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (ERVIN, P.J., and WRIGHT, J., absent).
Alvin C. Weiss, with him John R. Henry, for appellant.
C. Edmund Wells, with him Wells, Campbell, Reynier & Yohn, for appellees.
OPINION BY JACOBS, J., March 21, 1968:
In July 1966 the appellees in each case petitioned the Common Pleas Court of Montgomery County to appoint *180 viewers, pursuant to § 502(e) of the Eminent Domain Code, Act of June 22, 1964, Special Sessions, P.L. 84, 26 P.S. § 1-502. The court appointed viewers and the appellant filed preliminary objections in both cases alleging that the cause of action set forth in the petition was not properly the subject of condemnation proceedings, rather that the cause of action lay in an action of trespass. The Borough appeals from the orders of the court below dismissing its preliminary objections.
The alleged condemnation, which occurred on or about July 1, 1961, was the Borough's action in changing the grade of and paving "a private unordained alley. . . resulting in an unnatural flow of water onto petitioners' property with additional attendant damages." The appellees also pleaded "That prior to and at all times herein referred to the alley in question was used by the public despite the fact that it had not been ordained by the Borough of Pottstown."
Two questions are presented in this appeal, one procedural, the other substantive. Our decision on the procedural issue forecloses discussion on the merits. The orders appealed from are interlocutory and not appealable.
As a general rule an order dismissing preliminary objections is an interlocutory order from which there is no appeal unless a statute allows an appeal from such an order or the appeal raises a question of jurisdiction. Seligsohn Appeal, 410 Pa. 270, 189 A. 2d 746 (1963); Miller Estate v. Department of Highways, 424 Pa. 477, 227 A. 2d 679 (1967). Appellate jurisdiction of an interlocutory order may not be assumed even with consent of the parties. Sullivan v. Philadelphia, 378 Pa. 648, 107 A. 2d 854 (1954).
We know of no statute making this order appealable unless it be the Eminent Domain Code of 1964, hereinafter referred to as the Code. The alleged injury *181 to the appellees' land occurred in 1961.[1] That was prior to the effective date of the Code. Therefore, only the provisions of Articles V and VII apply to the steps taken in the instant case. See § 302 of the Code, 26 P.S. § 1-302.
Section 523 of the Code, 26 P.S. § 1-523, provides that "Either party may appeal to the Supreme or Superior Court as the case may be, from any final order or judgment of the court of common pleas within forty-five days from the entry thereof." Section 517 of the Code, 26 P.S. § 1-517, makes a decree confirming, modifying or changing a viewers' report a final order. No other applicable provisions of the Code deal with appeal to this court or the Supreme Court.
Here there is no order confirming, modifying or changing a viewers' report from which an appeal can be taken. Nor is there any judgment or final order which is appealable. An order to be final and appealable must preclude a party from further action in the court below. Myers v. Travelers Ins. Co., 353 Pa. 523, 46 A. 2d 224 (1946); Glisson v. Carlin, 204 Pa. Superior Ct. 335, 204 A. 2d 285 (1964). The order dismissing its preliminary objections does not preclude further action by the appellant in the court below. Appellant may appear and present its case before the viewers, appeal from the decision of the viewers and, if it so wishes, demand a jury trial before the court below.
It is unnecessary for us to decide whether or not a question of jurisdiction is involved, making this order appealable under the Act of March 5, 1925, P.L. 23, 12 P.S. § 672, because the appeal was not taken in time. Section 3 of the said Act, 12 P.S. § 674, requires that such preliminary determination of jurisdiction be appealed within fifteen days of the decision. Here the *182 appeals were not taken until July 26, 1967, more than a month after the orders dismissing the preliminary objections were made.
Appellant's preliminary objections asked the court to dismiss the appellees' petitions and the Jury of View which had been appointed. Prior to the Code the cases of this court and the Supreme Court clearly held that the refusal of a lower court to set aside an appointment of viewers was an interlocutory order and not appealable. Edgewood Borough Petition, 318 Pa. 268, 178 Atl. 383 (1935); Sinking Spring Water Co. v. Gring, 257 Pa. 340, 101 Atl. 732 (1917); Commonwealth v. Stephens, 9 Pa. Superior Ct. 218 (1899). We find no later cases nor anything in the applicable sections of the Code which overrules those cases. In our opinion they dictate the result here reached.
Two recent decisions of the Pennsylvania Supreme Court, allowing condemnees to appeal from dismissal of their preliminary objections to declarations of taking, have no bearing on this case. In Hanni Appeal, 420 Pa. 289, 216 A. 2d 774 (1966), and Faranda Appeal, 420 Pa. 295, 216 A. 2d 769 (1966), the condemnations occurred after September 1, 1964, and the court relied on § 406 of the Code to allow the appeals. Section 406 makes preliminary objections the exclusive means of challenging the declaration of taking or the power or right to condemn. Failure to raise the issue preliminarily waives it entirely. Dismissal of the condemnee's preliminary objections effectively puts him out of the lower court on the issue of power or right to condemn. Therefore, the court reasoned, dismissal of preliminary objections to the declaration of taking has a final effect and should be appealable. That reasoning does not control this alleged condemnation which occurred prior to September 1, 1964. Article IV of the Code, of which § 406 is a part, is effective only *183 as to condemnations occurring after that date.[2]
Both appeals quashed as interlocutory.
HOFFMAN, J., concurs in the result.
DISSENTING OPINION BY MONTGOMERY, J.:
I cannot agree that these appeals should be quashed as interlocutory. I think the orders dismissing appellants' preliminary objections were appealable on the authority of Hanni Appeal and Faranda Appeal, both cited in the majority opinion, and also on Hoffman v. Commonwealth, 422 Pa. 144, 221 A. 2d 315 (1966), and Valley Forge Golf Club v. Upper Merion Township, 422 Pa. 227, 221 A. 2d 292 (1966). The fact that the action taken in the present cases was prior to the new Eminent Domain Code of 1964, whereas it was after its enactment in Hanni and Faranda, does not distinguish the cases or change the results.
The petitions in the present cases were filed expressly under the 1964 Code which, in § 303, art. III, states that "It is intended . . . to provide a complete and exclusive procedure and law to govern all condemnations. . . except as provided in section 901: . . ."[1] In Valley Forge Golf Club the Supreme Court said at page 230, "Hence, a condemnation case involves two proceedings  the first to determine the propriety of the taking, the second to determine damages recoverable by the condemnee. Each is an appealable determination with which an aggrieved condemnee may take issue before the appropriate appellate court." Insofar as the right of condemnation is concerned and the *184 measure of damages based thereon, it is not difficult to recognize the importance of changes made by the 1964 Code. However, I fail to see any reason why the Code and the decisions under it should not be followed on matters of changed procedure whether the condemnation was before or after the enactment of the Code. Hoffman v. Commonwealth, supra, recognized and followed a change made by the Code in the matter of expert testimony although the condemnation in that case arose before the enactment of same.
For the foregoing reasons I would consider the merits of these cases. However, I find that impossible to do on the present record. The lower court based its orders on the finding that the Borough had ratified unauthorized acts previously taken. The record fails to disclose what such action of ratification may have been; also, that this situation was merely an authorized change of grade which presupposes that it was done in relation to a road or street over which the Borough had previously exercised control. The record does not explain this finding.
I would remand these cases to the lower court with directions to take testimony as to the ownership of the area under consideration and the use made of it by the general public, and also the history of the municipal action taken by the Borough in connection with it. This is authorized by subsection (e) of § 406 of the 1964 Code, 26 P.S. § 1-406(e) (pp), in disposing of preliminary objections in eminent domain proceedings. If this is not done the issue as to the legality of the Borough action will not be resolved.
Therefore, I respectfully dissent.
NOTES
[1] The original petitions said the injury occurred on or about July 1, 1961. The amended petitions added "and successively thereto" but alleged no later dates.
[2] It should also be noted that the objection here alleges that there has been no condemnation; it does not question the right or power to condemn. Further, § 406 appears to govern preliminary objections made by the condemnee while the instant preliminary objections were filed by the condemnor.
[1] Section 901, 26 P.S. § 1-901 (pp), has no application to the present situation.