## Philadelphia School District Condemnation

*Martin Horowitz,* for condemnor.

*Thomas F. Wilson,* for condemnee.

SPORKIN, J., February 24, 1969.—On September 5, 1968, the School District of Philadelphia (condemnor) condemned premises located at and known as 3345-61 Old York Road in the City of Philadelphia (premises), the property of Lira, Inc. (condemnee), for school purposes.

On October 8, 1968, condemnee filed preliminary objections to the declaration of taking challenging the validity of this condemnation. After hearing oral argument and considering briefs submitted, we entered an order on January 17, 1969, dismissing the preliminary objections, following which condemnee filed this appeal. This opinion supports the order dismissing these preliminary objections.

Our ruling was a final order and therefore appealable: Hanni Appeal, 420 Pa. 289 (1966).

In its preliminary objections, condemnee alleges that the premises "are inadequate and not necessary for the purpose of erecting thereon a public school building"; that there exists immediately adjacent to these premises more than sufficient land presently owned by condemnor upon which may be constructed the necessary public buildings and recreational facilities; that the bond or power of taxation of the condemnor is insufficient security; that "the Condemnee did not receive a copy of the Notice of Taking in accordance with the Eminent Domain Code of 1964"; and that the condemnor has made an offer for the premises "which is totally inadequate and not in accordance with a realistic appraisement of the premises."

We come first to a consideration of condemnee's objection that the premises are inadequate and not necessary for the purposes of erecting thereon a

school building. This contention we hold to be completely devoid of merit. Whether the premises condemned were needed for school purposes was within the sound discretion of the condemnor.

We are supported in our view by an outstanding line of judicial authority in Pennsylvania: Gilfillan v. Fife, 266 Pa. 171 (1920); see also Hibbs v. Arensberg, 276 Pa. 24 (1923), where the court at page 26 pertinently stated:

"Executive officers of municipal and school districts have many discretionary powers in performing their functions; ordinarily, courts will not interfere with this exercise, but if it appears their action is. . . the result of arbitrary will or caprice, courts will intervene to prevent an abuse of power adverse to public welfare. . . courts can and will interfere only when it is made apparent this discretion has been abused."

"The policies of school authorities" will not be questioned "so long as the board is acting within the scope of its statutory authority and in good faith . . .": Wilson v. Philadelphia School District, 328 Pa. 225, 239-40 (1937).

In point also is the oft-cited case of Spann v. Joint Boards of School Directors, 381 Pa. 338 (1955), in which Justice Chidsey speaking for the court declared at page 348:

"Whether property condemned by a school board is needed for school purposes or fitted for school use is an administrative matter and the action of the school board, in the absence of fraud, is binding on the courts: Jury et al. v. West et al. supra. Under Sec. 702 of the Public School Code of 1949 the location and amount of any real estate required by any school district for school purposes, including use as a playground, is entrusted to the discretion of the board of

school directors who are authorized to construct not only the school building itself but to provide also for adjoining grounds to be used for play and recreation: Campbell et al. v. Bellevue Borough School District, 328 Pa. 197, 195 A. 53."

Condemnee's objection does not allege that the condemnor acted beyond the scope of its statutory authority, or that its action constituted an abuse of discretion in its exercise of the power of eminent domain, or was based upon arbitrary will, caprice, or fraud.

We next direct our attention to the objection pertaining to the insufficiency of security. Under the Public School Code of March 10, 1949, P. L. 30, sec. 507, 24 PS §5-507, and the Eminent Domain Code of June 22, 1964, P. L. 84, sec. 403(b), 26 PS §1-403 (b), there is no requirement for the filing of a bond or the tendering of any other security when the premises are condemned for school purposes and the condemnor has the power of taxation.

The Public School Code of March 10, 1949, supra, provides in the section cited:

"In order to establish, enlarge, equip, furnish, operate, and maintain any schools or departments herein provided . . . the board of school directors in each school district is hereby vested with all the necessary authority and power annually to levy and collect, in the manner herein provided, the necessary taxes required."

And under section 403(b) of the Eminent Domain Code of June 22, 1964, supra; it is provided:

"Where a condemnor has the power of taxation, it shall not be required to file a bond with the declaration of taking. The funds raised, or lawful to be raised, by the power of taxation of the condemnor shall be deemed pledged and are hereby made secur-

ity for the payment of the damages as shall be determined by law."

It is evident therefore that condemnee is adequately safeguarded in its rights to compensation for the premises condemned without a bond being filed by condemnor.

The complaint that condemnee failed to receive a copy of the notice of taking in conformity with the required notice as set forth in the Eminent Domain Code of June 22, 1964, supra, 26 PS §1-405, is clearly without substance.

A review of the record reveals that notice of the taking, in accordance with the Eminent Domain Code, was forwarded under date of September 13, 1968, by certified mail, and was received by condemnee on September 18, 1968,[1] within the period required by the code.

Finally, the condemnee's contention that the amount offered for the premises was inadequate cannot in our view be supported as the basis of an objection. The code specifically provides a remedial procedure giving the condemnee the right to petition for viewers to be appointed to determine the fair and just compensation to which the condemnee is entitled. It also provides that the amount offered may in the meantime be accepted by condemnee as a partial payment towards the final amount to be awarded by the viewers. Thus no hardship is imposed upon the condemnee by the offer made by the condemnor.

---

1. See condemnee's objection No. 3 and condemnor's answer thereto with letter of notice of taking marked exhibit "A". The condemnee having failed to exercise its right to take depositions, the averments of the condemnor's answer, in so far as they are responsive, are to be taken as true: Vallish v. Rapoport, 364 Pa. 25 (1950), reaffirmed in Smith v. Dale, 405 Pa. 293 (1961).

In conclusion, having found that there was no merit in any contention of the condemnee, we entered the order dismissing the condemnee's preliminary objection.