**In re CONDEMNATION PROCEEDING BY THE TOWNSHIP OF LOWER MACUNGIE, LEHIGH COUNTY, Pennsylvania, to Acquire a Permanent Easement for the Construction, Operation and Maintenance of an Extension of Millcreek Road (T–498) and the Installation and Use of Public Utilities and Related Public Services.**

**Appeal of EAST PENN SCHOOL DISTRICT, Appellant.**

Commonwealth Court of Pennsylvania.

Argued April 16, 1998.

Decided Sept. 16, 1998.

Marc S. Fisher, Allentown, for appellant.

Blake C. Marles, Allentown, for appellee.

Before COLINS, President Judge, LEADBETTER, J., and LORD, Senior Judge.

COLINS, President Judge.

The East Penn School District (school district) appeals from the January 23, 1997 order of the Court of Common Pleas of Lehigh County (common pleas court) denying the school district's preliminary objections to a declaration of taking by the Township of Lower Macungie (township).

On October 5, 1995, the township filed a declaration of taking for a portion of property (subject tract) owned by the school district and located at 6299 Lower Macungie Road, Lower Macungie Township, Lehigh County. The school district filed preliminary objections to the declaration of taking.

By way of background, the school district had acquired the subject tract by deed dated November 4, 1991, from Robert A. Weinert, administrator of the estate of Aileen Shiffert. The township, by taking an area located on the north side of Lower Macungie Road, seeks to acquire a permanent easement on the subject tract for a public road, an extension of Millcreek Road, and installation and use of public utilities. Additionally, the township alleges that acquiring the easement would allow completion of a north/south corridor for vehicular traffic through the township. The record further indicates that during the summer of 1991, a township zoning officer specifically advised the school board superintendent of the township's road construction plans, and by letter dated August 20, 1991, the township planning commission formally notified the school district about said plans.

From approximately May 1994 through August 1995, the school district submitted several plans for a proposed middle school to be located on the eastern end of the subject tract with the township's proposed road indicated on the western end. However, after failing to reach an agreement with the township regarding curb and sidewalk requirements, the school district submitted a plan during September 1995, indicating various sports playing fields, designated as "community recreation facilities," in the same location where the township's road had been depicted on prior plans.

After a hearing on the school district's preliminary objections to the township's taking, common pleas court found that because no building used as a public or parochial school or an educational or charitable institution currently occupied the subject property, the township was not precluded from placing a road through said property. Further, common pleas court noted that since the school district acquired the subject property in 1991, it had been used for private farming with no immediate plans for the construction of school facilities. In this regard, it was also common pleas court's finding that the school district intended ultimately to use the property for community recreational purposes rather than for school-related facilities.

By order dated January 23, 1997, common pleas court overruled the school district's preliminary objections to the township's declaration of taking. This appeal followed.

██ Our scope of review is limited to determining whether the trial court abused its discretion or committed legal error. *McGaffic v. Redevelopment Authority of New Castle*, 120 Pa.Cmwlth. 199, 548 A.2d 653 (1988), *petition for allowance of appeal denied*, 523 Pa. 644, 565 A.2d 1168 (1989).

██ The school district first argues that a second class township such as the present condemnor, lacks authority under the Eminent Domain Code[1] to condemn the public property of the school district, and avers that the Eminent Domain Code confers the right to take only privately owned property. The school district contends that under The Second Class Township Code,[2] the township

---

1. Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §§ 1–101–1–903.

2. Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §§ 65101–67201.

lacks authority to condemn the school district's public property. In this regard, the school district relies upon Section 2304(d) of The Second Class Township Code, 53 P.S. § 67304(d), as prohibiting the placement of a road "through any grounds occupied by a building used ... as a· public or parochial school, educational or charitable institution ... unless the consent of the owner or corporation or person controlling the premises is first secured." Finally, the school district argues that under the Public School Code,[3] the township lacks authority to appropriate the school district's property.

In dismissing the school district's preliminary objections with respect to the Eminent Domain Code, the Honorable James N. Diefenderfer of the Lehigh County Court of Common Pleas, observed that there is no general rule prohibiting condemnation of public property, and that the Pennsylvania Supreme Court has held that where a school district has not dedicated its grounds to school uses, said school property could be appropriated for a different use that would not interfere with the existing use. *See Edgewood Borough Petition*, 318 Pa. 268, 178 A. 383 (1935). In the present case, common pleas court found that the subject property was being used for farming and not educational purposes, and that in any event, placing a road on a part of said property would not conflict with the use of that land for school purposes. Similarly, common pleas court rejected the school district's arguments under The Second Class Township Code on the basis that the subject property is not currently occupied by a building used as a public or parochial school, educational or charitable institution. Finally, common pleas reasoned that nothing in the Public School Code prohibits a municipality from acquiring, through condemnation, a portion of school property for construction of a road that, it is noted, would in no way interfere with the school district's future construction of educational facilities.

▪ Neither the Eminent Domain Code, nor The Second Class Township Code, nor

the Public School Code specifically addresses the issue of one governmental entity condemning property owned by another governmental entity. We concur with common pleas court that the Eminent Domain Code does not confer or limit the authority to condemn, but rather is intended "to provide a complete and exclusive procedure and law to govern all condemnations of property for public purposes...." Section 303 of the Eminent Domain Code, 26 P.S. § 1–303. Similarly, The Second Class Township Code does not preclude a township from opening a road on property owned by a school district with a showing of necessity, and it requires school district consent only if the planned road would go on grounds occupied by a building as a public school. In this regard, the Public School Code, while allowing a school board to select the location of schools and playgrounds, does not specifically prohibit a township from establishing roads on school-owned property, especially when doing so would not interfere with the school district's future construction of educational facilities.

Issues analogous to those now before us arose in *Edgewood Borough*, which preceded enactment of the Eminent Domain Code, but which is still applicable, especially on matters not addressed by the Eminent Domain Code. In *Edgewood Borough*, the Supreme Court reasoned that "in the absence of some statutory provision expressly or by implication forbidding it, property devoted to one public use may, under general statutory authority, be taken for another public use, when the taking will not materially impair or interfere with, or is not inconsistent with, the use already existing, and is not detrimental to the public." *Id.* at 269, 178 A. at 384.

In the present case, no school building occupied the subject tract at the time of the township's condemnation. In fact, the subject tract, although owned by the school district, was being privately used as farmland, which use negates the school district's assertion of the property's public rather than private character. *Appeal of Township of Mid-*

---

**3.** Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1–101–27– 2702.

*dletown,* 654 A.2d 195 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 542 Pa. 682, 668 A.2d 1142 (1995). The record indicates the township made an adequate showing that its planned road was necessary to meet the demands of township growth by serving as the central north-south corridor linking the township's two developed areas and to secure adequate roadways for public safety. Additionally, common pleas court properly found that the township's use of a portion of the subject tract for a road would in no way preclude the school district's future construction of school-related facilities.

The problem of determining which of several competing governmental entities is preeminent in matters of property use and condemnation was addressed in *Department of General Services v. Ogontz Area Neighbors Association,* 505 Pa. 614, 483 A.2d 448 (1984), wherein our Supreme Court observed:

> The conflict ... is not a contest between superior and inferior governmental entities, but instead a contest between two instrumentalities of the state. The legislature has the power to regulate both of these governmental entities, enlarging or restricting their authority to act; and, generally, the task of courts in these cases is to determine, through an examination of the enabling statutes applicable to each of the governmental entities, which the legislature intended to have preeminent powers. The problem, essentially, is one of statutory interpretation.

*Id.* at 622–23, 483 A.2d at 452.

More recently, in *Council Rock School District v. Wrightstown Township Zoning Hearing Board,* 709 A.2d 453 (Pa.Cmwlth. 1998), where a school district sought a special exception to build a school on property that was under a conditional agreement of sale to the district, the zoning hearing board held that the school district was not exempt from compliance with special exception requirements set forth in the local ordinance, a decision that this Court affirmed.

Applying the *Council Rock* rationale to the present matter, we conclude that although the subject tract is owned by the school district, the latter cannot block the township from taking a portion of said tract for con-

struction of a needed roadway, considering that no school structure has yet been built upon the subject tract, and that, in any event, the township's proposed road would not prevent construction of school facilities in the future.

Based on the above discussion, the order of the court of common pleas court is affirmed.

### ORDER

AND NOW, this 16th day of September, 1998, the order of the Court of Common Pleas of Lehigh County in the above-captioned matter is affirmed.