## MARPLE TOWNSHIP

v.

## MARPLE NEWTOWN SCHOOL DISTRICT, Appellant.

Commonwealth Court of Pennsylvania.

Argued June 9, 2004.

Decided July 21, 2004.

Reargument Denied Sept. 9, 2004.

---

Mark A. Sereni, Media, for appellant.

Roy T.J. Stegena, Media, for appellee.

BEFORE: SIMPSON, Judge, and LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

The Marple Newtown School District (School District) appeals from an order of the Court of Common Pleas of Delaware County (trial court) overruling the School District's preliminary objections to Marple Township's (Township) declaration of taking. We affirm.

On April 24, 2002, the Township filed a declaration of taking against certain property owned by the School District which is located at the northeast corner of West Chester Pike and Malin Road in Marple Township, Delaware County, Pennsylvania. The purpose of the condemnation of the subject property, as stated in the declaration of taking, is to acquire land for the purpose of erecting public buildings, public

works, parks, playgrounds and recreational areas. *See* Reproduced Record (R.R.) at 6a. The public buildings to be erected will house the Township's administrative offices and community center, the Township's police department, district justice facilities, other municipal government functions, and public park and recreational space. *Id.*

On May 24, 2002, the School District filed preliminary objections. An evidentiary hearing was held on the objections on December 11, 2002, at which the School District withdrew 5 of its objections. The remaining objections were as follows: (1) the Township lacks the power to condemn the subject property under the First Class Township Code;[1] (2) the Township lacks the authority to condemn any portion of the subject property under the Public School Code of 1949;[2] (3) the Township is barred by common law from condemning any portion of the subject property, which was devoted to a public use and used for public purposes on the date of condemnation; (4) the Township has acted in bad faith; and (5) the Township has abused its discretion in condemning the subject property. On June 25, 2003, the trial court issued an order overruling the School District's objections. This appeal followed.[3]

 The power of eminent domain over property arises only when legislative action sets forth the occasions, modes, and agencies for its exercise. *In re Legislative Route 1018,* 422 Pa. 594, 222 A.2d 906 (1966). The legislature may delegate the right to exercise eminent domain power, but the body to which the power is entrusted has no authority beyond that which is legislatively granted. *Id.* at 598, 222 A.2d at 908.

In support of its appeal, the School District first argues that Section 2803 of the First Class Township Code[4] clearly prohibits the condemnation of property used for any public school, for any educational institution or for any charitable institution. The School District contends that the record in this matter shows that the subject property was being used at the time of the declaration of taking was filed for all the foregoing purposes.

Pursuant to Section 2801 of the First Class Township Code, a township, through its governing body, may procure a suitable lot of ground, and erect a suitable building thereon for a townhouse in which to hold elections, store road machinery, hold meetings of township officers, and for other township uses. 53 P.S. § 57801. Section 2803 of the First Class Township Code provides as follows:

Townships may enter upon an appropriate private property and also land heretofore granted or dedicated to public use or other use within the limits of such township, and which is no longer used for the purpose for which the same was granted or dedicated, for the erection thereon of a town hall, fire house, lockup, and such other public buildings as are necessary for public purposes.

No land or property used for any cemetery, burying ground, public or pa-

---

1. Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. §§ 55101–58502.

2. Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1–101–27–2702.

3. This Court's scope of review of a trial court's order overruling or dismissing a condemnee's preliminary objections is limited to determining whether the trial court abused its discretion or committed an error of law. *In re Condemnation by Penn Township, York County, of Right–Of–Way and Easements Over, Across and Through Tracts of Land Located in Penn Township, York County,* 702 A.2d 614 (Pa.Cmwlth.1997).

4. 53 P.S. § 57803.

rochial school, educational or charitable institution, seminary, or place of public worship shall be taken or appropriated by virtue of any power contained in the preceding paragraph.

53 P.S. § 57803.

■ Herein, the trial court found, based on the record that the subject property was within the Township's limits and was no longer being used for the educational purposes for which it seemingly was acquired. Therefore, the Township had the authority under the First Class Township Code to exercise the delegated power of eminent domain to procure the subject property. In reaching this conclusion, the trial court rejected the School District's contentions that the subject property was being used for a public school or educational and charitable institution at the time the declaration of taking was filed; therefore, the Township had the authority to take the property. Based on this Court's review of the record, we conclude that the trial court's findings in this regard are supported by substantial evidence and we agree with the trial court's conclusion that the Township had the authority to take the property.

As found by the trial court, two of the buildings located on the subject property were being used as storage facilities to house the School District's grounds maintenance facility's trucks, lawn mowing and plowing equipment and to store salt, snow and ice removal supplies and oil for school buses not located on the property. *See* R.R. at 134a; 148a. The record shows that this facility is not used for any type of educational purpose. *Id.* at 196a.

■ The trial court found further that the subject property had not been used by the School District for educational purposes for over twenty (20) years. *Id.* at 176a. The trial court found that the only activity that was in any way educational in nature was that being conducted by the Delaware County Intermediate Unit[5] under its lease with the School District. However, the trial court found that the declaration of taking purported to condemn and acquire only the School District's property interest in the subject property and not the lease interest of the Delaware County Intermediate Unit. The trial court did not err in making this finding as the record shows that, while the Delaware County Intermediate Unit utilized a portion of the subject property to provide an educational program to students residing in Delaware County, the Delaware County Intermediate Unit owns no real property interest in the subject property. The Delaware County Intermediate Unit provides its educational program in the School District's building through its lease with the School District.

■ The trial court also properly found, based on the record, that the subject property was not being used for a charitable purpose or as a charitable institution. As stated by the trial court, the record shows that while the Newtown Township Public Library and other organizations have used the subject property for fund raising and other activities, there is no evidence that the property was used consistently for a charitable purpose or as a charitable institution. For example, the Newtown Township Public Library used the subject property for a book sale on one occasion and stored books on the subject property for a

---

**5.** The Delaware County Intermediate Unit represents 15 school districts in Delaware County, Pennsylvania, and provides alternative education for Delaware County students. R.R. at 132a; 150a; 201a–202a; 205a. The Delaware County Intermediate Unit leases from the School District on a year to year basis approximately 5,800 square feet in a building consisting of 48,000 square feet. *Id.* at 132a; 138a; 157a–58a.

future book sale. R.R. at 137a; 188a–189a. Also, the Broomall Fire Company uses a portion of the subject property once a year for the annual carnival in order to raise funds. *Id.* at 217a–218a.

Accordingly, the trial court did not err or abuse its discretion by concluding that the Township was authorized to take the subject property pursuant to Section 2803 of the First Class Township Code.

■ Next, the School District argues that its right and power under the Public School Code supercedes the Township's alleged power and right to condemn the property. In support of this argument, the School District points to its duty to provide the necessary grounds and suitable school buildings to accommodate all students in the district and its sole exclusive right and duty to determine the location and amount of any real estate required by the district for school purposes. *See* Sections 701[6] and 702[7] of the Public School Code. The School District argues further that the Supreme Court has held that property devoted to one public use may be taken for another public use only if the taking will not materially impair or interfere with or is not inconsistent with the use already existing and is not detrimental to the public. *See In re the Borough of Edgewood,* 318 Pa. 268, 178 A. 383 (1935). The School District argues that the record in this case shows that the taking will substantially and materially impair or interfere with or be inconsistent with both the School District's present and future uses of the property.

■ We agree with the School District that it has certain duties and rights under the Public School Code. We also agree that property devoted to one public use may be taken for another public use only if the taking will not materially impair or interfere with or is not inconsistent with the use already existing use and is not detrimental to the public. *In re Condemnation Proceeding by Township of Lower Macungie, Lehigh County,* 717 A.2d 1105 (Pa. Cmwlth.1998), *petition for allowance of appeal denied,* 558 Pa. 643, 738 A.2d 458 (1999). However, due to the fact that the School District had listed the property for sale through a real estate broker prior to the filing of the Township's declaration of taking,[8] the School District's contentions are disingenuous at best. By listing the subject property for sale, it is clear that the School District believes that the subject property is no longer needed to facilitate its present or projected purposes. As such, we reject the School District's arguments to the contrary.

Finally, the School District argues that the record shows that the Township acted in bad faith and abused its discretion in condemning the property. The School District contends that the Township had no authority to condemn the property pursuant to Section 2803 of the First Class Township Code as the property is being used as a public school, an educational institution and a charitable institution.

As stated previously herein, the Township has the authority under the First Class Township Code to take the subject property. Therefore, we also reject the

6. 24 P.S. § 7–701. Section 701 of the Public School Code mandates that the board of school directors of each school district provide the necessary grounds and suitable school buildings to accommodate the students who attend school.

7. 24 P.S. § 7–702. Section 702 of the Public School Code mandates that the location and amount of any real estate required by any school district be determined by a vote of the majority of all the members of the board of school directors of such district.

8. *See* R.R. at 177a–180a; 227a.

School District's contention that the Township acted in bad faith by filing the declaration of taking and abused its discretion by condemning the subject property.

Accordingly, the trial court's order is affirmed.

### *ORDER*

AND NOW, this 21st day of July, 2004, the order of the Court of Common Pleas of Delaware County in the above captioned matter is affirmed.