Luftheizungs Und Abgasverwertungs, for use, Appellant, *v.* Rys et al.

Argued March 22, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Sylvia Schlesinger,* of *Schlesinger & Schlesinger,* with her *Vincent E. Williams,* for appellant.

*John M. Horn,* of *Smith, Best & Horn,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, April 18, 1938:

This appeal is from an order striking off a statement of claim because of its insufficiency under the requirements of section 5 of the Practice Act of May 14, 1915, P. L. 483, 12 PS Sec. 386, that all papers upon which the pleader relies be attached to his pleading.

The statement of claim avers that Luftheizungs Und Abgasverwertungs, a German concern, assigned its claim against defendant's decedent to Stern-Stuempfl & Co., the use plaintiff. The claim is based upon a letter of the legal plaintiff's agents, Hundt & Weber, dated September, 1928, offering the Witt-Humphrey Steel Co. "the exclusive manufacturing and selling rights in the United States of certain drying ovens." The offer provided that Witt-Humphrey Steel Co. should pay $2,500 on acceptance of the offer, $2,500 six months thereafter and a royalty of 15% of the gross price of each oven sold. A copy of this offer in the original German and a translation thereof is attached to the statement.

The statement also sets forth certain cables passing between the Witt-Humphrey Steel Co. and Hundt & Weber, and alleges a payment of $2,500 by Witt-Humphrey to Hundt & Weber constituting an acceptance of the offer. The statement concludes with the averment that C. V. Witt, defendant's decedent, by numerous writings asserted "that the above contract was made for his sole benefit and account; and that the payment of $2,500 was made by him personally." Copies of two of these writings were attached to the statement. Claim is made for the $2,500 second payment due and for 15% of the gross receipts from the sale of the ovens.

It will be seen that the action is not against the corporation Witt-Humphrey Steel Company but against the estate of Witt, and the averment of the statement is that Witt, by the copies of the letters attached to the statement and "by numerous [other] writings," made himself liable personally to plaintiff. Without copies of the numerous other writings it could not be determined whether he rendered himself personally liable or not. If they exist, they should have been attached to the statement; without them it is insufficient.

The court below properly concluded that copies of essential documents were not attached to the statement, and accordingly entered a decree striking it from the record. No leave was granted to file a new statement of claim as plaintiff's attorney admitted inability to file a better one.

If plaintiff intends to rely upon other writings as a basis for Witt's liability, as it is manifest it must, as those attached to the statement do not carry his personal liability, they should be attached or it should satisfactorily account for their absence. See *Acme Mfg. Co. v. Reed,* 181 Pa. 382, 37 A. 553; *Georges Twp. v. Union Trust Co.,* 293 Pa. 364, 143 A. 10; *McCoy v. Royal Indemnity Co.,* 107 Pa. Superior Ct. 486, 164 A. 77. No attempt is made to do this.

120

Because plaintiff's counsel stated at bar that the statement as now shown on the record is the best that can be made, and that striking it from the record ends the case, we have considered the appeal, otherwise we would have dismissed it as interlocutory: *Bradly v. Potts,* 155 Pa. 418, 26 A. 734; *Riling v. Idell,* 291 Pa. 472, 140 A. 270; *Security Title & Trust Co. v. Welsh & Brown,* 104 Pa. Superior Ct. 502, 159 A. 227, with leave to file a new statement.

The order is affirmed at appellant's cost.