## Myers, Appellant, *v.* Travelers Insurance Company

Argued January 10, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Bryan A. Hermes,* for appellant.

*Benjamin O. Frick,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 25, 1946:

This appeal raises the question whether in an action *in assumpsit* a plaintiff may be required to submit to a physical examination.

Plaintiff, Dr. Howard Myers, instituted suit in assumpsit to recover disability benefits alleged to be due him on two insurance policies issued by defendant, Travelers Insurance Company. Plaintiff averred that he contracted angina pectoris in 1940 and has been and is, at present, totally and permanently disabled. Defendant's affidavit of defense denied plaintiff's total and permanent disability.

Before trial of the issues raised by the pleadings, defendant petitioned the trial court to stay proceedings until plaintiff submitted to a physical examination. The court issued a rule upon plaintiff to show cause why the prayer of the petition should not be allowed, and after answer and hearing the rule was made absolute. Plaintiff appealed.

Defendant has filed a motion to quash the appeal upon the ground that it is from an interlocutory order.

Unless an appeal from an interlocutory order is allowed by statute, a decree to be final and appealable must preclude the complaining party from further action in the court making such decree: see *Keasbey's Trust Estate*, 342 Pa. 439, 20 A. 2d 281; *Washington Trust Company Account*, 350 Pa. 363, 366, 39 A. 2d 137, and cases therein cited. The effect of making the rule absolute was to preclude plaintiff from further action. Wigmore on Evidence, Vol. VIII, p. 208 suggests that such an order may be made final and appealable by dismissing the suit if plaintiff persists in his refusal to submit to such physical examination. While that is undoubtedly true, we think it unnecessary to require the formal dismissal of the action; we shall regard this as an appealable order. We were confronted with an almost similar situation in *Luftheizungs, etc., v. Rys et al.*, 330 Pa. 117, 198 A. 672. There a statement of claim was stricken off because of insufficiency. At the bar of this Court plaintiff's counsel stated that the statement of claim was the best that could be made. We therefore regarded the order as final. The motion to quash is dismissed.

It is well settled, as the plaintiff concedes, that in a *trespass* action for personal injuries, the court may order a physical examination of plaintiff. The rule is accurately stated by Justice, afterwards Chief Justice, MOSCHZISKER, in *Cohen v. Phila. R. Transit Co.*, 250 Pa. 15, 17, 95 A. 315: "We entertain no doubt of the right of a court, when one sues for alleged injuries to the person, to afford the defendant a proper opportunity to have a physical examination of the plaintiff made by skilled medical men. Of course, the court cannot order a plaintiff to submit to such an ordeal against his will, but it can, and, when the ends of justice so require, should refuse to permit the case to proceed until the plaintiff undergoes an examination." A comprehensive statement upon this subject was given by Justice PARKER, then a judge of the Pennsylvania Superior Court in *Commonwealth v. English*, 123 Pa. Superior

Ct. 161, 167, 186 A. 298. See also *Twinn v. Noble,* 270 Pa. 500, 113 A. 686; *Schroth et ux. v. Phila. Rapid T. Co.,* 280 Pa. 36, 124 A. 279; *Patanyi v. Davis et al.,* 336 Pa. 476, 9 A. 2d 430. Plaintiff contends that since the present action is founded on *contract,* the parties are limited to the rights and remedies specified in the insurance policies; that since the policies require only that plaintiff submit "due proofs of disability" the defendant cannot require plaintiff to submit to a physical examination.

We can discover no differences in the application of the doctrine in an action in assumpsit or in trespass. As stated in Wigmore on Evidence, Vol. VIII, Sec. 2220, p. 184: "The duty to bear witness to the truth, by whatever mode of expression may be appropriate, includes necessarily the duty to exhibit the *physical body,* so far as the ascertainment of the truth requires it." The exercise of this power by the court in a proper case is not limited by the *form* of the action and is independent of the nature of the relationship between the parties: Wigmore: Vol. VIII, Sec. 2220 (B) p. 204.

The exercise of the power of a court to require plaintiff to submit to a physical examination is a matter within the *discretion* of the court and only subject to reversal when such discretion is abused. *Cohen v. Phila. R. Transit Co.,* supra; *Commonwealth v. English,* supra.

The court did not abuse its discretion in directing a physical examination. This suit was not commenced until April 26, 1945. The request for an examination was made on May 8, 1945. The issue is whether the plaintiff is wholly and permanently disabled by the disease angina pectoris to the extent that it prevents him from engaging in any occupation or employment for wage or profit within the meaning of the Permanent Total Disability Benefits provisions in the insurance policies. No physical examination of plaintiff has been had since the institution of the present suit. There had been other litigation in this case prior to 1945, respecting payments

alleged to have been then due. In November 1942, in the previous litigation, defendant's physician made a physical examination of plaintiff. Suits were brought by this plaintiff against other insurance companies, and physical examinations were made by their physicians, some of which records are available in the present litigation to defendants, and others are not. Clearly the court did not abuse its discretion when it refused to require the defendant to accept the report of the physical examination prior to the present litigation, and to rule that defendant should be precluded from the benefit of a physical examination in 1945 because of a previous examination of the plaintiff in 1942 and in another cause of action and by doctors not of defendant's selection.

We may point out that not only is the *occasion* for the physical examination a matter for the sound exercise of discretion by the court, but the *method* and *manner* of examination are likewise within the court's discretion. Some eminent writers are of opinion that the court's order should be as effective as any other order of court and should be enforceable by contempt proceedings. But as pointed out by Justice PARKER in *Commonwealth v. English,* supra, a litigant may not be *compelled* forcibly to submit his body for physical examination. In civil cases the action can be halted until the court's order is obeyed, and may also be dismissed. In criminal cases the refusal to comply may be freely commented upon before the jury. *Union Pacific Railway Co. v. Botsford,* 141 U. S. 250, and *Cohen v. Phila. R. Transit Co.,* supra, are cited. Thus in *Commonwealth v. English,* supra, the prosecutrix in a criminal case was not required to permit the insertion of a needle in her body in order to withdraw a small amount of blood for a blood test. In *Riss & Co. v. Galloway,* 108 Colo. 93, 114 Pac. 2d 550, in a personal injuries case the defendant was not required to submit to a spinal puncture. It would also seem, therefore, that as a general rule a plaintiff should not be subjected to hospitalization for

the purpose of examination and study by defendant's physician. On the other hand there would be no unlawful invasion of plaintiff's rights if competent physicians at a reasonable time and place physically examined him, aided by such mechanical devices as stethoscope, electrocardiograph, X-ray, etc. Such matters are within the discretion of the court.

The appeal from the order is dismissed and the order affirmed. Costs to await the result of the suit.