## Commonwealth ex rel. Romanowicz, Appellant, *v.* Romanowicz.

Argued September 12, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Dante Mattioni,* with him *John Mattioni, Peter A. Galante,* and *Mattioni, Mattioni & Mattioni,* for appellant.

*Edward R. Becker,* with him *Becker, Becker & Fryman,* for appellee.

OPINION BY HOFFMAN, J., December 11, 1968:

This is an appeal from an Order of the County Court of Philadelphia awarding custody of three children to the father. While both parties have filed lengthy briefs relating to their fitness, we believe it unnecessary to pass on these issues at the present time. In our opinion, this matter must be remanded to the lower court by reason of the lower court's failure to allow the introduction and consideration of certain evidence.

Prior to the hearing in this case the parties had entered into the following stipulation: "AND NOW, this 17th day of April, A.D. 1967, it is agreed by and between Peter A. Galante, Esquire, attorney for Petitioner and Edward R. Becker, Esquire, attorney for defendant, Michael Romanowicz that the parties hereto submit to a medical and psychiatric examination by the appropriate physician of the Domestic Relations Division of the County Court of Philadelphia." Pursuant to this stipulation, psychiatric examinations were made of each of the parties.

The wife twice served subpoenas upon the Medical Division of the County Court. On each occasion, two subpoenas were served. One was directed to the medical records custodian of the County Court to produce the reports in their files relating to the parties. The second was directed to the physician who actually conducted the examinations for the purpose of having him appear as a witness and subject himself to exam-

ination.[1]  On each occasion, the County Court Medical Division refused to accept the service of the subpoenas and refused to appear in court, except upon special order of the court.  Application was made to the lower court to issue such a special order, but the application was refused.

## Testimony of the Psychiatrist

In our opinion the court erred in failing to allow the wife to introduce the testimony of the psychiatrist relating to her own examination.  This conclusion is not based on the written stipulation entered into by the parties.  The court may well have found that the stipulation was not intended to allow the admission of oral testimony.

The Court's action, in this regard, appears to be based upon the physician-patient privilege.  A patient, however, always has the right to introduce her own physician's testimony, regardless of the reluctance of the physician himself.

The physician-patient privilege established by the Act of June 7, 1907, P. L. 462, §1, 28 P.S. §328, extends the privilege to the patient, not to the physician. The Act specifically provides a bar to such testimony "without consent of said patient."  Here, the patient not only consented to, but actually sought the introduction of such testimony, which would have been subject to cross-examination.  Under such circumstances the physician would have no right to invoke the statute. "The privilege is plainly that of the patient not of the physician; and the latter, therefore, cannot claim it if the patient abandons it."  8 Wigmore, Evidence, §2386, p. 851 (McNaughton Rev. 1961).

---

[1] The subpoenas were actually directed to "John Doe" at the Medical Division, since the wife was never able to ascertain the name of the examining physician.

Moreover, it has become a common practice in custody cases for parties to introduce the testimony of a psychiatrist relating to both their mental health and that of the children. The court's refusal to enforce the subpoena with regard to the wife's examination, and to require the presence of the wife's psychiatrist, therefore, was contrary to the accepted practice in our courts.

We agree, however, that the psychiatrist's testimony as to the husband was properly excluded. There is nothing in the record, or in the written stipulation entered into by the parties which would reflect that the parties ever considered this an agreement to waive the physician-patient privilege. Under such circumstances, the husband could properly invoke the privilege and refuse to have the psychiatrist testify as to the husband's examination.

### Medical Reports

The trial judge certified in his opinion that he looked only at the psychiatrist's recommendation in the written report. The recommendation was "Discretion of the Court." Upon reading this recommendation, the court refused to further consider or examine the report. The court states, in its opinion, that it customarily follows this course, because the introduction of psychiatric reports into a hearing may have tragic consequences by reason of their becoming public records.

The legal basis upon which the court based this action appears to be: (a) That there is no legislative authority allowing the introduction of such evidence; (b) that the reports are ex parte; and (c) that the physician-patient privilege bars their introduction.

Each of the above objections might have validity if one or both of the parties had objected to the use of

these reports. In point of fact, however, at trial the attorneys for both parties agreed that the psychiatric reports should be considered.[2] Under such circumstances the court, as the finder of fact, could not refuse to read or consider the reports, although, of course, it could discount or disregard any of the statements contained therein. In other words, when the parties agreed that these reports were proper evidence, the court could not feel free to ignore them completely.

It is true that the psychiatrist's recommendation in this case was "Discretion of the Court." This does not indicate, however, as the court suggests, that the reports were devoid of any information which could aid it in reaching its decision. Particularly in custody and similar cases in which the determination of the court must be based in great part on the emotional and mental fitness of the parties, courts should not exercise their discretion by refusing to acquaint themselves with all of the relevant psychological and psychiatric evidence.

We conclude, therefore, that the wife should have been permitted to have the psychiatrist who examined her testify and to have the court read and consider the written psychiatric reports. For this reason we enter the following order:

Order vacated and case remanded for a rehearing in accordance with this opinion.

---

[2] The parties did state that the reports should be considered but not made part of the record. We presume that they meant that the reports not be read into the record but that they be available for the lower court and upon review.