**Edney, Admr. v. Sharon General Hospital**

*Murray S. Love,* for plaintiff.

*Martin E. Cusick, Donald R. McKay, P. Raymond Bartholomew, Robert Jamison* and *James A. Stranahan, 3d,* for defendants.

ACKER, J., February 2, 1972.—This court is required upon an objection to a written interrogatory to decide a basic question of discovery. That is, when a hospital is being sued for the death of a patient, is it required to make an investigation in order to answer an inquiry by plaintiff as to what plaintiff's own physician found as a result of his examination. The specific question as phrased is:

Was a physical examination made of the decedent? If so, state:

   (a)   The date and time such examination was made.
   (b)   The purpose of such examination.
   (c)   The results of such examination.
   (d)   The diagnosis reached after the examination.
   (e)   The persons who made such examination.

The above is but one of 34 questions propounded. Defendant, Sharon General Hospital, objected to 23 questions. The parties, through their attorneys, appeared and the court ruled from the bench on all issues but that mentioned above.

An understanding of the issue requires some basic statement of the facts. The actions are founded upon the Restatement of Torts, 2d §§402A and 402B and breach of warranty. It is alleged that on August 29, 1969, Mae H. Edney came into the Sharon General Hospital complaining of a pain in her left back. Her attending physician, to whom the present interrogatory would more appropriately be directed, prescribed an I.V.P. performed by the Radiology Department. At about 10:30 to 11 the following morning, August 30th,

she was transported to that department for that purpose. A material manufactured by defendant, E. R. Squibb and Sons, Inc., and known as Renografin 60 was administered by a student technician, Deborah Sue Owens, then in her second year of training. It is alleged that this was done under the care and direction of defendant, Dr. Robert Allen, of the Radiology Department. Without reviewing all of the alleged details, despite a "code red" procedure and heroic measures by members of the "code red" team of Sharon General Hospital, the wife-plaintiff was shortly dead. This suit followed.

To further simplify the factual situation now to be decided, it was agreed by the attorneys before the court that the physical examination referred to in interrogatory no. 8 now under objection, was given by plaintiff's own family physician. It was also agreed that plaintiff had a full copy of the hospital records concerning this patient.

The hospital objects to the interrogatory because it is claimed it would require it to make an unreasonable investigation and that the questions should be propounded to the attending physician. Further, it contends that the inquiry concerning the diagnosis is clearly improper.

Although the position of the hospital that an expert opinion cannot be required of the physical condition by a doctor who is not himself charged as a defendant with an act of negligence[1] is well taken, we do not believe this rule is dispositive of the issue.

It has long been held that a litigant may not subpoena an expert and compel him to give an opinion unless he

[1] Tejchman v. Wagner, 42 D. & C. 2d 383 (Allegheny, 1967); Gray v. Oech, 49 D. & C. 2d 358 (Bucks, 1970). In Borish v. Beck, 43 D. & C. 2d 172 (Philadelphia, 1967), it was held that even a doctor defendant can refuse to testify concerning an opinion in a deposition hearing.

has arranged by an agreement and upon an agreed payment for such testimony.[2] However, the rule itself cannot be asserted unless the expert himself objects.[3] A deposition may be taken of plaintiff's physician for discovery prior to trial.[4] Therefore, merely because a doctor may refuse to give an opinion does not, in itself, prevent an effort to be made.

We do hold, however, that the hospital has a valid contention that it cannot be required to prepare plaintiff's case for him. If a diagnosis of the doctor and the results of his physical examination are in the hospital records, plaintiffs already have this information. If they do not have this information, they have the same right to take the deposition of the doctor to elicit the answers to the questions they now desire. Pennsylvania Rule of Civil Procedure 4011(e) provides: "No discovery or inspection shall be permitted which . . . would require the making of an unreasonable investigation by the deponent or any party or any witness. . . ."

Our appellate courts have recognized that if a party is merely going on a fishing expedition, the discovery is denied.[5]

One of the contested issues in this case is whether Dr. Robert Allen, the radiologist, at the time of this death, was an agent, representative or employe of the hospital. This matter was earlier discussed in our previous opinion. By the authority of Brown v. Moore, et al., 247 F.2d 711 (C.A. 3d, 1957), that matter will be left to the jury. There has been no contention that defendant's own doctor was in any way acting as a

---

[2] Pennsylvania Company for Insurance on Lives, etc. v. Philadelphia, 262 Pa. 439, 441-2, 105 Atl. 630 (1918).

[3] Wexler v. Roberts, 85 Mont. Co. Rptr. 133 (1965).

[4] Feldman v. Seligman and Latz, Inc., 9 D. & C. 2d 394 (1957).

[5] Stahl v. First Pennsylvania Banking and Trust Co., 411 Pa. 121, 191 A.2d 386 (1963).

508

representative of the hospital at the time of the alleged examination now wished to be the subject of discovery. In fact, the estate of the patient may well be in a superior position to obtain the desired information because it can waive the patient-doctor relationship if that be an issue.[6]

Wherefore, we conclude the hospital cannot be required to discover for plaintiff what plaintiff's own physician did in his hospital examination. That, properly, is the task of plaintiff.

### ORDER

And now, February 2, 1972, the objection of the Sharon General Hospital to interrogatory no. 8 of plaintiff is sustained.

---

[6] The physician-patient privilege established by the Act of June 7, 1907, P. L. 462, sec. 1, 28 PS §328, extends the privilege solely to the patient, not the doctor: Commonwealth ex rel. Romanowicz v. Romanowicz, 213 Pa. Superior Ct. 382, 248 A. 2d 238 (1968). See Alinkoff v. McDonald, 33 D. & C. 2d 715 (1964), which holds that when survival and wrongful death actions are joined for trial, there is no privilege, because the statute itself excludes suits brought on account of personal injuries.