## DeLuca v. Leon

*George V. Famiglio,* for plaintiffs.
*Susan J. Poll,* for defendants.

GUARINO, *J.,* March 2, 1977 — This is an action for personal injuries arising out of an accident which occurred September 20, 1974. Defendant's petition seeks the court to compel plaintiffs to sign a medical authorization which is as follows:

"MEDICAL INFORMATION AUTHORIZATION

TO WHOM IT MAY CONCERN:
The undersigned authorizes and directs any physician, surgeon or hospital that has attended, examined or treated me to furnish to the Pennsylvania Manufacturers' Association Insurance Company, at any time upon its request, any and all information and records, or copies of records relating to attendance, examination or treatment rendered me, with the further privilege of personal examination of such records.

A photocopy of this authorization shall serve in its stead."

The Pennsylvania Rules of Civil Procedure authorize liberal discovery and it is within the contemplation of the rules to compel the production of medical records of the plaintiffs upon which plaintiffs rely for recovery for personal injuries: Pa.R.C.P. 4009-4010; Myers v. Travelers Insurance Co., 353 Pa. 523, 46 A.2d 224 (1946). Discovery by oral examination or inspection of relevant documents is entirely proper to ascertain the extent of the injuries or other damages relevant to

the cause of action: Feldman v. Seligman & Latz, Inc., 9 D. & C. 2d 394 (1957); 5 Anderson Pa. Civ. Prac. §§4001.385 and 4007.4. Thus, we have no difficulty concluding that defendant has a right to medical records and bills upon which plaintiffs base their claim for damages. We are not prepared, however, to go so far as to order plaintiffs to sign such broad authorization as herein requested by defendant and to impose sanctions for failure to do so.

The record indicates that plaintiff has forwarded all medical records and bills which he has in his possession and which he has obtained from the physician who treated plaintiffs for injuries allegedly received by them in the cause of action declared upon. There is no showing that the broad medical authorization would provide the defendants with any more information than they have already been given. The broad authorization herein being sought by the defendants is so overreaching as to invade the plaintiffs' doctor-patient privilege because it is unlimited as to the records that might be inspected. Generally, medical communications and information between patient and doctor are privileged and undisclosable by a doctor. See Act of June 7, 1907, P.L. 462, sec. 1, 28 P.S. §328. Under the discovery rules, disclosure and inspection is permitted only as to matters which are relevant, Pa. R.C.P. 4007, and not otherwise privileged, Pa. R.C.P. 4011(c). Obviously, where a party brings a personal injury action against another, information about his medical condition upon which he relies for recovery of damages is relevant and material. The information is important to plaintiff as well as defendant. The patient-doctor privilege belongs to plaintiff: Com-

monwealth ex rel. Romanowicz v. Romanowicz, 213 Pa. Superior Ct. 382, 248 A.2d 238 (1968); 8 Wigmore (1961 ed.) §2386. To the extent that he relies on his medical condition to recover damages he has impliedly waived the privilege. Privileged communication between doctor and patient does not apply to records of the examining and treating physician to the extent that the contents thereof are relevant and material: Panko v. Consolidated Mutual Insurance Co., 423 F.2d 41 (3rd Cir. 1970); Woods v. National Life & Accident Insurance Co., 347 F.2d 760 (3rd Cir. 1965).

The discovery rules do not permit a party to inspect the records (herein medical records) of a non-party. Under the rules only the records of an adverse party are amenable to discovery by inspection on petition and motion to the court: Pa. R.C.P. 4007. What the petitioner requests in his present petition is that he be permitted to do that which the rules by implication forbid: inspect records of a non-party. What the rules of discovery do not in any way permit and impliedly forbid, the court will not permit. I do not believe that the court has the power to circumvent the dictates of the rules of procedure by ordering plaintiffs' doctor to submit his records to inspection or order plaintiffs to sign such an overreaching authorization as here presented to accomplish indirectly what the rules prohibit. If defendants are not satisfied with copies of records supplied by plaintiffs and are desirous of a more ample discovery of plaintiffs' medical condition, they will have to revert to oral deposition of the doctor as provided for by Pa. R.C.P. 4007,* and

---

* "(a) Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition

limit themselves to discovery of all information relevant to plaintiffs' personal injuries allegedly suffered at the hands of defendants' negligence.

The following order will resolve the apparent impasse.

## ORDER

It is ordered and decreed that:

(1) Plaintiffs supply to defendants' attorney copies of all medical statements and reports and bills of all doctors, hospitals, or other institutions who treated or examined plaintiffs for injuries alleged to have been suffered by them, and for which they seek recovery of damages, including any statement of any doctor or hospital concerning the emotional or mental condition of plaintiffs or the permanence of the injuries suffered.

(2) Defendants are not precluded from deposing any doctor, hospital attendant, or other persons involved in the treatment of the injuries suffered in the accident declared upon, and to compel production of the original records by subpoena.

(3) These matters must be attended to within the next 45 days, and if depositions are to be had, the notices of date shall be sent within the next 20 days.

upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case."