## Freyer v. The Travelers Indemnity Co.

*Redlich, Cassol, Redlich and Morrocco,* for plaintiff.

*Waltz, Berman & Zuzik,* for defendant.

MIHALICH, *J.*, April 29, 1980—This case comes before the court en banc upon the exceptions of defendant, The Travelers Indemnity Company, to the denial of its motion to compel plaintiff, Theresa M. Freyer, to appear for a physical examination.

Plaintiff commenced this action in assumpsit against defendant, her own no-fault insurance carrier. Defendant's answer admits that plaintiff sustained a work loss permitting the recovery of work loss benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, sec. 101 et seq., 40 P.S. § 1009.101, but asserts that as of September 28, 1977, plaintiff was physically able to return to her employment and perform her regular household duties.

Subsequent to plaintiff's deposition, defendant requested that plaintiff submit herself for a physical examination before Dr. Adib Barsoum. Plaintiff objected to such examination for the reason that

Dr. Barsoum had previously treated her for her injuries, which gave rise to the claim for work loss and replacement service benefits, the subject matter of the present lawsuit. A motion to compel a physical examination was presented to the court on August 17, 1979 before the motions judge, the Honorable Charles H. Loughran. The court refused to grant defendant's motion after hearing argument presented by both counsel.

This matter comes before the court en banc upon defendant's exceptions to the court's ruling.

The issue presented to this court for consideration is whether plaintiff must submit to examination by her treating physician, who has undertaken employment with the patient's own no-fault insurance carrier, for the purpose of examining, evaluating and reporting upon a patient's condition to the insurance carrier.

At common law, communications between physician and patient were not privileged from a compulsory disclosure in court. The legislature had created such a patient-physician privilege under the Act of June 7, 1907, P.L. 462, 28 P.S. §328:

"No person authorized to practice physics or surgery shall be allowed, in any civil case, to disclose any information which he acquired in attending the patient in a professional capacity, and which was necessary to enable him to act in that capacity, which shall tend to blacken the character of the patient, without consent of said patient, except in civil cases, brought by such patient, for damages on account of personal injuries."

Effective June 27, 1978, the above language was modified slightly by the Pennsylvania Judicial Code, 42 Pa.C.S.A. §5929, as follows:

"No physician shall be allowed, in any civil matter, to disclose any information which he acquired in attending the patient in a professional capacity, and which was necessary to enable him to act in that capacity, which shall tend to blacken the character of the patient, without consent of said patient, except in civil matters brought by such patient, for damages on account of personal injuries."

The issue presented to this court is one of first impression. It is true that under discovery rules disclosure and inspection are permitted as to all matters which are relevant to the proceeding, Pa.R.C.P. 4003.1, and not otherwise privileged, Pa.R.C.P. 4011(c). The patient-physician privilege belongs to plaintiff: Com. ex rel. Romanowicz v. Romanowicz, 213 Pa. Superior Ct. 382, 248 A. 2d 238 (1968). To the extent that plaintiff relies on her medical condition to recover damages, she has impliedly waived the privilege.

Defendant, however, proposes to have plaintiff's treating physician now examine, reevaluate and report on plaintiff's condition. The physician would now be acting in the capacity of an expert witness for hire, and actively representing the interest of his employer, defendant-insurance carrier. Such action would have a "chilling" effect on all potential patients. A patient would realize that his treating physician could be called upon to "sell" to a defendant-insurance company either privileged or nonprivileged information given by the patient (plaintiff) to the physician. Further, the physician would be in a position to utilize all information gained in his capacity as "treating physician" to orchestrate a defense on behalf of the defendant-insurance carrier.

Counsel for defendant acknowledged that it must be assumed that all information previously communicated to the patient-plaintiff's physician would indeed be utilized by the physician in conducting his examination on behalf of defendant. The scope of the physician's knowledge concerning plaintiff's medical history, gained in his capacity as her treating physician, can far exceed that which is a proper matter for consideration for the injuries of which plaintiff has complained: DeLuca v. Leon, 1 D. & C. 3d 185 (1977).

The motions judge properly denied defendant's motion. The court's action properly relieved any potential ethical burden on plaintiff's physician, and avoided any "chilling" effect on any potential patient. Defendant has ample opportunity to obtain a physical examination by any other qualified physician of its choice.

In accordance with the foregoing, the court issues the order dated and filed of even date herewith.

## ORDER

And now, April 29, 1980, in accordance with the opinion dated and filed of even date herewith, it is hereby ordered, adjudged and decreed that the exceptions of defendant, The Travelers Indemnity Company, to the court's refusal to grant defendant's motion to compel examination are dismissed.