## Marcarelli v. Commonwealth of Pennsylvania

*C. George Milner,* for plaintiffs.
*William A. Slotter* and *Robert L. Pinto,* for defendants.

DIGGINS, *SR. J.*, July 15, 1982—This matter involves a request by plaintiffs in a civil action for the production of the psychiatric records of defendant. Plaintiff, Jay Marcarelli, was injured by defendant, Frank A. Costello, III. Plaintiffs are seeking access to the medical records of Frank A. Costello, III, which are in the possession of defendant, Haverford State Hospital. We note at the outset, that defendant, Frank A. Costello, III, has not authorized the release of his medical records.

Plaintiffs advance three reasons why the information sought is discoverable. They assert that a medical records custodian does not have standing to object where the patient fails to object, to the request for discovery. Further, the physician-patient privilege statute does not forbid disclosure of the medical records and the individual's right to privacy is not a bar to the release of these records.

Plaintiff relies on Romanowicz v. Romanowicz, 213 Pa. Superior Ct. 382, 248 A. 2d 238 (1968), for the principal that the privilege of non-disclosure is strictly that of the patient and the physician cannot invoke it if the patient abandons it. However, a closer reading of Romanowicz, supra, reveals that in that case the court was speaking of a case where the patient wanted the information disclosed. In the present action, the patient has not authorized the release of any information. The court in Romanowicz, supra, went on to point out that where the information was not authorized, it cannot be released. The leading case in Pennsylvania is In Re B, 482 Pa. 471, 394 A. 2d 419 (1978), in which our Supreme Court held that the individual's right of privacy has deeper roots than the doctor-patient privilege and that this right of privacy is constitutionally protected. Our Supreme Court in In Re June 1979 Allegheny Cty. Inv.

Gr. Jury, 490 Pa. 143, 415 A. 2d 73 (1980), while ordering the release of certain medical test results, still observed that the right of privacy are constitutionally protected. The court hung its hat on the facts that first the test results were not communications and secondly the Grand Jury was sworn to secrecy and the information thus would not be disclosed beyond that level.

We note that in the instant matter we have neither of those controlling factors. Plaintiffs seek to have access to all defendant's medical records and there is no guarantee of secrecy as was found in In Re June 1979 Allegheny Cty. Inc. Gr. Jury, supra. For these reasons, the court must disagree with plaintiff's contentions.

This court notes that 50 Pa.C.S.A. §7111, requires that this type of information be privileged. Plaintiffs would have us interpret 50 Pa.C.S.A. §7111(3) to mean that this court can compel the disclosure of the information. However, a closer reading of this section indicates that the court can compel disclosure in legal proceedings authorized by this Act. The legal proceeding authorized by 50 Pa.C.S.A. §7101, involved two separate actions, one where the medical records are necessary in order to secure proper medical treatment of the patient and secondly when a former patient brings an action against his physician.

Accordingly, we must find that the information is privileged and absent a release from the patient, it can not be released.

Therefore, we enter the following

## ORDER

And now, July 13, 1982, after reviewing briefs of respective counsel, it is ordered and decreed that

the medical records of Frank A. Costello, III, now in the possession of the Haverford State Hospital, are privileged communications and are not subject to plaintiffs' motion for the production of documents.

Plaintiffs' motion for the production of documents be and the same is hereby dismissed.