J-A28020-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SERGEI KOVALEV | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ABODE LA, LLC, TOBIN WATKINSON | : | No. 693 EDA 2023 |
| AND ALEKSANDRA WATKINSON | : | |
| v. | : | |
| | : | |
| | : | |
| CALLAHAN WARD 12TH STREET, LLC | : | |
| AND CITY OF PHILADELPHIA | : | |

Appeal from the Order Entered February 23, 2023
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 211202048

BEFORE:   OLSON, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 25, 2024**

Appellant, Sergei Kovalev ("Kovalev"), appeals from the February 22, 2023 order compelling him to submit to an independent medical examination. Appellee, Abode LA, LLC, Tobin Watkinson and Aleksandra Watkinson ("Abode"), argues that the appeal must be quashed because it is interlocutory and non-appealable. For the reasons set forth below, we agree and quash this appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On December 29, 2021, Kovalev filed a civil complaint against Abode, alleging that he suffered personal injuries due to a slip-and-fall.[1] Abode leased a commercial property located at 251 North 12th Street in the City of Philadelphia, the entrance to which is on Vine Street. Second Amended Complaint, filed 1/2/23, ¶ 16, 34. Kovalev alleged that while walking to his vehicle, he tripped on a portion of the sidewalk on Vine Street that was elevated up to three inches, and suffered numerous injuries. *Id.* at ¶ 39, 42. He contends Abode was obligated to maintain the sidewalk adjoining the property and ensure it was safe. *Id.* at ¶ 37. Following a series of preliminary objections and discovery motions, Kovalev filed an amended complaint on June 29, 2022. After another round of preliminary objections, Kovalev filed a second amended complaint on January 2, 2023, alleging the following injuries:

(a)  Multiple injuries to different parts of his body;

(b)  Severe traumatic head and brain injury, including a closed head injury that resulted in excruciating headaches, cognitive impairment, memory deficits, and other related complications of a traumatic brain injury;

(c)  Traumatic injuries of the neck spine;

(d)  Traumatic injuries of the lumbar spine;

(e)  Serious orthopedic, neurological, and internal injuries, dislocations and destructions of bones and bone cartilages;

---

[1] On April 7, 2021, Kovalev filed a civil complaint against Appellee Callahan Ward 12th Street, LLC, *et. al.* The cases were consolidated by order of the trial court on June 10, 2022. *See* Trial Court Order, 6/10/22.

(f)  Bleeding, hematomas, severe bruising, contusions, lacerations and abrasions;

(g)  Traumatic injuries of both knees;

(h)  Traumatic injuries of both hands, including debilitating injuries of fingers;

(i)  Traumatic injury and dislocation of the left shoulder;

(j)  Severe shock and injury to his nerves and nervous system, traumatic injuries of multiple nerves and permanent neuralgias;

(k)  Multiple injuries of his head and face;

(l)  Broke and dislocated nose structures;

(m)  Arthritic and vascular changes;

(n)  Constant excruciating pain;

(o)  Permanent tissue scarring;

(p)  Post-traumatic severe pain;

(q)  Psychological trauma, mental distress and anxiety;

(r)  Post Traumatic Stress Disorder (PTSD);

(s)  Multiple other personal injuries;

(t)  Additional multiple complications regularly arising from the original injuries;

(u)  Aggravation of any previously existing condition;

(v)  Plaintiff's overall health, strength, and vitality have been greatly impaired;

(w)  Medical consequences of described injuries will last a lifetime; and

(x)  Plaintiff suffered from agonizing aches, pains and mental anguish; and has been disabled from performing her [sic] usual duties, occupations and avocations.

(y)     Plaintiff has, may, and will for an indefinite time in the future suffer great pain, inconvenience, embarrassment, and mental anguish;

(z)     Plaintiff has and will for an indefinite time in the future be deprived of ordinary pleasures of life, loss of well-being and equanimity; Plaintiff suffered and will be suffering from the reduced quality of life, and Plaintiff will suffer from the reduced life expectancy.

Second Amended Complaint, 1/2/23, ¶ 45.

Abode filed a motion to compel Kovalev to appear for an independent medical examination ("IME"). Kovalev filed an answer, and the trial court heard oral argument.[2] Counsel for Abode aptly explained the basis of the motion:

> [D]efense counsel initially tried to schedule an IME and contacted [Kovalev] on December 20th of 2022 for an IME that would take place on January 23, 2023.
> After that communication, [Kovalev] responded that he had jury duty beginning January 23rd of 2023, which was the date of the IME, and for sometime going forward possibly.
> Based on that representation, we cancelled the IME for January 23rd, and rescheduled a different IME for March 13th at 2:45 p.m., with a different doctor who happened to be available that day.
> We contacted [Kovalev] about that, and he raised objections to appear for an IME on March 13th and sent a list of requirements.
> The main requirements at issue were that the doctor, Dr. Bennett, provide all of his tax returns, any 1099 forms, copies of internal accounts receivable ledgers, and a host of other requirements that are not required by the Rules of Civil Procedure, which are objectionable by us.

---

[2] We note that oral argument was scheduled for two motions filed by Abode – one to compel Kovalev's attendance at a deposition and one to compel his attendance at the IME. Only the motion to compel attendance at the IME is at issue in this appeal.

In his response, he also listed that he wants the examination to be limited in scope. However, [Kovalev's] complaint does not limit his injuries to any specific part of his body. He wants to have himself and the doctor masked at all times. However, I believe that is going to be a procedural issue since [Kovalev] is making claims that his head and face were injured. So it may be necessary during the examination for him to remove his mask so the doctor can examine him.

Also, making requirements that the cost of transportation to the IME be covered, and that in addition to masks there be specific types of filters in place for any HVAC system at the doctor's office, which is something we can't control.

N.T. Hearing, 2/22/23, at 10-11. Kovalev argued, among other things, that the notice for the IME was deficient because it did not list the manner, conditions and scope of the IME. *Id.* at 17. Thereafter, the trial court issued the following order granting Abode's motion:

AND NOW, this 22nd day of February, 2023, upon consideration of Defendants, Abode LA, LLC, Tobin Watkinson and Alex Watkinson's Motion to Compel Plaintiff to Appear for an Independent Medical Examination, it is hereby ORDERED that said Motion is GRANTED.

Further, Plaintiff shall appear for an Independent Medical Examination by Richard Bennett, M.D., on March 13, 2023 @ 2:45 p.m., at the offices of IMX Medical Management Services, Inc., 333 East City Avenue, Two Bala Plaza, Suite 600 (Enter via St. Asaph's Road), Bala Cynwyd, PA 19004, or risk sanctions upon further application to the Court.

Trial Court Order, filed 2/22/23. This appeal followed.

On April 27, 2023, this Court issued an order directing Kovalev to show cause why the trial court's order was immediately appealable even though the case is still pending. Show Cause Order, 4/27/23. Kovalev responded that:

(1) the order is immediately appealable as an injunction[3]; (2) the order satisfied the collateral order doctrine; and (3) he objected to the defective order, not the IME itself. Response to Show Cause Order, 5/11/23, at 3-5, 6-13. By order filed May 18, 2023, this Court discharged its show cause order, referred the matter to the panel assigned to decide the merits of this appeal, and advised the parties that the jurisdictional issue may be revisited.

Kovalev now raises the following issues on appeal:

1. Whether Pa.R.C.P. 4010(a)(3) mandates that the Order compelling Independent Medical Examination shall specify manner, conditions and scope of the examination?

2. Whether the trial court erred and/or abused its discretion by disregarding the statutory laws of this Commonwealth and specifically the requirements of Pa.R.C.P. 4010(a)(3)?

3. Whether the trial court possesses the power to create new laws?

4. Whether the trial court erred and/or abused its discretion by failing to order [Appellee] seeking Independent Medical Examination to pay [Appellant's] travel costs?

5. Whether the lower court erred and/or abused its discretion by denying to [Appellant] constitutionally guaranteed due process and equal protection of the laws?

Appellant's Brief at 3.

Before addressing the merits of Kovalev's issues, we must determine whether we have appellate jurisdiction over the instant appeal. The parties do not dispute that the February 22, 2023 order is interlocutory, and not final.

_____

[3] As Kovalev's brief fails to sufficiently develop this argument, we find that issue is waived. ***See Commonwealth v. Johnson***, 985 A.2d 915 (Pa. 2009); Pa.R.A.P. 2101.

However, Kovalev argues that it is appealable as a collateral order. Appellant's Brief at 10-14. We disagree.

Generally, only final orders are appealable. *See* Pa.R.A.P. 341(a). However, there are three limited exceptions: (1) interlocutory appeal as of right (Pa.R.A.P. 311); (2) interlocutory appeal by permission (Pa.R.A.P. 312); and (3) a collateral order (Pa.R.A.P. 313). The latter exception, permitting an immediate appeal from an otherwise non-appealable interlocutory order is known as the collateral order doctrine, and it applies when three requirements are met: (1) the order is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the claim will be irreparably lost if review is postponed until final judgment in the case. Pa.R.A.P. 313(b); *Rae v. Penn. Funeral Directors Ass'n*, 977 A.2d 1121, 1125 (Pa. 2009). All three prongs must be satisfied before this Court can exercise jurisdiction. *Rae*, 977 A.2d at 1125. "We construe the collateral order doctrine narrowly so as to avoid undue corrosion of the final order rule . . . and to prevent delay resulting from piecemeal review of trial court decisions." *Shearer v. Hafer*, 177 A.3d 850, 858 (Pa. 2018) (internal citations and quotations omitted).

With respect to the first prong, "[a]n order is separable from the main cause of action if it can be resolved without an analysis of the merits of the underlying dispute." *Commonwealth v. Williams*, 86 A.3d 771, 781 (Pa. 2014). Here, the parties do not dispute that the first prong is satisfied, and we agree. The asserted deficiency in the trial court's order compelling an IME

- 7 -

is separable from the main cause of action because an analysis of the underlying personal injury claim is unnecessary. *Id.*

Likewise, the third prong is satisfied as Kovalev's claim will be irreparably lost if review is denied by this Court.

> To satisfy this element, an issue must actually be lost if review is postponed. Orders that make a trial inconvenient for one party or introduce potential inefficiencies, including post-trial appeals of orders and subsequent retrials are not considered as irreparably lost. An interest or issue must actually disappear due to the process of trial.

*Keefer v. Keefer*, 741 A.2d 808, 813 (Pa. Super. 1999) (internal citations omitted), *disapproved on other grounds*, *Kincy v. Petro*, 2 A.2d 490 (Pa. 2010). Here, Kovalev's mental and physical condition is in controversy, as the nature and extent of his injuries are issues for resolution at trial. Rule 4010 permits a court to order a physical or mental examination when the physical or mental condition of a party is in controversy. Pa.R.Civ.P. 4010(a)(2). "The order may be made only on motion for good cause and upon notice to the person to be examined and to all parties and **shall specify the time, place, manner, conditions and scope of the examination** and the person or persons by whom it is to be made." Pa.R.Civ.P. 4010(a)(3) (emphasis added).

Kovalev's claim is that the order compelling him to attend the IME is defective because it does not limit the scope or manner of the exam. Conceivably, Kovalev has a privacy interest that could be harmed if the exam is too broad. Once the exam is completed, the claim is lost as there is no

mechanism for Kovalev to challenge the parameters of the exam. Therefore, we are constrained to find that the third prong is satisfied.

The second prong concerns the importance of the issue raised and,

> considers whether the order involves rights deeply rooted in public policy going beyond the particular litigation at hand. An issue is important if the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule. It is not sufficient that the issue is important to the particular parties involved.

***Commonwealth v. Williams***, 86 A.3d at 782.

Here, Kovalev makes a vague and undeveloped argument that the appealed order involves rights too important to be denied review. "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, the claim is waived. It is not the obligation of this Court . . . to formulate Appellant's arguments for him." ***Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (internal citations omitted).

The entirety of Kovalev's argument, reproduced here verbatim, is as follows:

> This appeal and the right affected is extremely important because "the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule." *See Commonwealth v. Williams*, 86 A.3d 771, 780, 782 (Pa. 2014).
> Further, the rights involved in this appeal are implicating interests "deeply rooted in public policy [and] going beyond the particular litigation at hand." *Blystone*, 119 A.3d at 312 (internal quotation marks omitted).
> First, there are clear and obvious rights for a fair unbiased trial and due process of law that are guaranteed by the laws of

this State and by the Constitutions of the United States and the State of Pennsylvania. Accordingly, the trial court's erroneous order that failed to comply with mandatory requirements violated not only [Kovalev's] constitutional rights. It is against public policy and contradicts principles of the entire judicial system.

Second, the erroneous order that failed to comply with mandatory requirements gives rise to a significant question of the magnitude of those issues, which are "deeply rooted in public policy going beyond the particular litigation at hand." *Blystone*, 119 A.3d at 312.

It is obvious that a failure to adhere to mandatory requirements provided by statute would offend constitutional rights deeply rooted in public policy going beyond the particular litigation at hand.

Appellant's Brief at 12-13.

Kovalev's brief is merely a recitation of case law explaining how the second prong of the collateral order doctrine is satisfied. His brief fails to explain with any particularity why the challenged order deprived him of the right to a fair trial or due process of law. As we will not develop Kovalev's arguments for him, he has failed to satisfy the second prong.

Accordingly, Kovalev has failed to satisfy the collateral order doctrine and invoke our jurisdiction. **Rae, supra**. Therefore, we quash the appeal.

Appeal quashed. Jurisdiction relinquished.[4]

_____

[4] Although we lack jurisdiction over the instant appeal, we note that the trial court order at issue does not indicate the manner, conditions or scope of the exam. The "method and manner of examination" are within the trial court's discretion. **Myers v. Traveler Ins. Co.**, 46 A.2d 224, 226 (Pa. 1946). Our Supreme Court explained that "there would be no unlawful invasion of plaintiff's rights if competent physicians at a reasonable time and place physically examined him, aided by such mechanical devices as stethoscope, electro-cardiograph, X-ray, etc. Such matters are within the discretion of the court." **Id.** Here, however, Kovalev has alleged a broad variety of injuries,

*(Footnote Continued Next Page)*

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/25/2024

---

from a bone fracture to severe nerve damage to PTSD. We are mindful that it could be difficult for a trial court to limit the manner or scope of the examination without the benefit of a medical degree. Additionally, there are some conditions contemplated by the rule, and requested by Kovalev, that the trial court should consider including in an amended order, *i.e.* right to have counsel present during the exam and stenographic or audio recording at Kovalev's expense. Pa.R.Civ.P. 4010(a)(4)-(5).